UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: HELEN CORRIGAN : CHAPTER 13
    Debtor(s) :
:
CHARLES J. DEHART, III :
STANDING CHAPTER 13 TRUSTEE :
    Movant :
:
vs. :
:
HELEN CORRIGAN :
    Respondent(s) : CASE NO. 5-19-bk-02467

TRUSTEE'S OBJECTION TO AMENDED CHAPTER 13 PLAN

    AND NOW, this 4th day of October, 2019, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

    1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required.

    2. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(2) in that the debtor(s) has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. Sec. 507.

    3. Trustee further objects to debtor(s)' plan subject to debtor(s) providing to the Trustee a Business Debtor Certification and copies of all necessary and related documents which will enable the Trustee to file his Business Examination Report with the Court pursuant to Sections 1302(c), Section 1106(a)(3) and Section 1106(a)(4) of the Bankruptcy Code. More specifically, Trustee requires the submission of the following:

    a. Insurance policies for:

      a) Business liability
      b) Liquor liability.

    4. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(b)(3) in that the debtor(s) attempts to cure a default outside of the plan. Said cure of default is only permissible, by means of, and therefore under, the Chapter 13 Plan.

    5. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

    a. Copy of the 2018 federal corporate return for all corporations
       in which the debtor(s) is a principal share holder.

    b. Current Profit and Loss Statement for nine (9) months of 2019.
    c. 2018 Federal Income Tax return.

6. The Trustee provides notice to the Court as to the ineffectiveness of debtor(s) Chapter 13 Plan for the following reasons:

    a. Failure to use the Model Plan as adopted by the Court.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Agatha R. McHale
Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 4th day of October, 2019, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Christopher Jones, Esquire
406 Jefferson Avenue
Scranton, PA 18510

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee